IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSS AARON, ) | |
| AIS #143489, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:04-CV-291-MEF |
| ) | [WO] |
| ) | |
| TERRANCE MCDONNELL, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ross Aaron ["Aaron"], a state inmate, on March 25, 2004. In this petition, Aaron challenges the constitutionality of his March 2, 2004 extradition from Ohio to Alabama for a parole violation. Specifically, Aaron complains that extradition occurred without a hearing and "absent reason for custody, fugitive warrant, parole violation warrant . . . Alabama Department of Corrections warrant . . . parole violation charges, or any criminal charges from the State of Ala." *Petition for Habeas Corpus Relief* at 2.

In their answer, the respondents argue that federal habeas is not a proceeding within which Aaron may challenge his extradition. *Respondents' Answer* at 1-2. The respondents also present records which refute Aaron's assertion that no warrant existed at the time of his extradition and likewise demonstrate that Aaron waived all rights and process related to extradition as a condition of his release on parole. *See Respondents' Exhibit A - May 7, 2002*

*Alabama Department of Corrections Fugitive Warrant*; *Respondents' Exhibit B* at 2 - *Conditions Under Which Parole is Granted*.

Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that the present § 2254 petition for writ of habeas corpus relief is due to be denied.

## DISCUSSION

The instant habeas petition attacks the legality of a state inmate's extradition from Ohio to Alabama. The law is clear that federal habeas corpus is not available for a petitioner to challenge the constitutionality of his extradition. *Harden v. Pataki*, 320 F.3d 1289, 1296-1299 (11th Cir. 2003).

> In the case of extradition, "[o]nce a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him." *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir.1978) (per curiam). Specifically, "a person forcibly abducted from one state without warrant or authority of law and placed in the demanding state's custody does not have a claim for release in habeas corpus." *Johnson v. Buie,* 312 F.Supp. 1349, 1351 (W.D.Mo.1970) (*cited with approval in Siegel,* 566 F.2d at 960). "Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Barton v. Norrod,* 106 F.3d 1289, 1298 (6th Cir.1997). Thus, . . . federal habeas corpus is not available to a person extradited in violation of his or her federally protected rights, even where the extradition itself was illegal . . .

*Id*. at 1299 (footnote omitted); *Frisbee v. Collins*, 324 U.S. 519, 522, 72 S.Ct. 509, 511-512, 96 L.Ed.542 (1952) ("There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against

2

his will.").

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas relief filed by Ross Aaron be denied.

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before April 10, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of March, 2006.

/s/ Delores R. Boyd

UNITED STATES MAGISTRATE JUDGE